**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAY 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

STANLEY JACKSON #43178-019            )
F.C.C. P.O. BOX 9000                  )
FORREST CITY, ARKANSAS 72336          )
      Plaintiff,                   )
                                   )
v.                                    )
                                   )
BUREAU OF PRISONS,                    )
REGIONAL-CENTRAL OFFICE               )
320 FIRST STREET                      )
WASHINGTON, D.C. 20534                )
      Defendant.                   )

Case: 1:08-cv-00930
Assigned To : Unassigned
Assign. Date : 5/30/2008
Description: Pro Se General Civil

CASE RE-ASSIGNED
TO ROBERTS, J. RWR
JUL 2 2 2008

**COMPLAINT FOR CORRECTION OF AGENCY RECORD**
**PURSUANT TO THE PROVISIONS OF THE**
**PRIVACY ACT, 5 U.S.C. 552a**

    Comes now, Stanley Jackson, Plaintiff pro se in the above entitled cause, and for his cause of action, states as follows:

    1.    Plaintiff is a prisoner confined at the Federal Correctional Institution at Forrest City, Arkansas, pursuant to a judgement and commitment order issued by the United States District Court for the Northern District of Georgia, zip code, 30303.

    2.    The Defendant is the Bureau of Prisons, a governmental agency within the United States Department of Justice, who maintains a system of records pertaining to individuals who are committed to its care, custody, and control.

    3.    As a prisoner confined to the Bureau of Prisons, the Bureau of Prisons maintains within its system of records, records pertaining to the Plaintiff.

**RECEIVED**

MAY 1 6 2008

Clerk, U.S. District and
Bankruptcy Courts

    The Bureau of Prisons is subject to the provisions of the

1

Privacy Act, 5 U.S.C. § 552a, as it is an agency as defined in 5 U.S.C. § 552(F).

5.    The Bureau of Prisons has a duty to maintain accurate records pertaining to Plaintiff, a duty imposed upon it as a governmental agency by virtue of the provisions of the Privacy Act, as Plaintiff is an individual within the meaning of 5 U.S.C. § 552a (a)(2).

6.    The Bureau of Prisons, as a governmental agency, has a duty to maintain all records which are used by it making any determination about the Plaintiff which are accurate, relevant, timely, and complete as is reasonably necessary to assure fairness to the Plaintiff is making determinations that affect the Plaintiff.

7.    The Bureau of Prisons is maintaining within its system of records a record or records pertaining to the Plaintiff which are inaccurate.  The system shows "Clayton County, 1995 Dismissed Pending Charge Show."  There is no pending charge.  See attachment A, Copy of Clayton County, Court Dismisal. 6-27-95

8.    Plaintiff has called to the attention of the Defendant, the fact that its record(s) as described above are inaccurate and as prejudicial to the Plaintiff when sued to make determinations about the Plaintiff, including, but not limited to the custody and classification of the Plaintiff, which affects the level of security and Plaintiff's conditions of confinement.  Plaintiff has exhausted all administrative remedies available to him in connection with his request that the records maintained by the Defendant be corrected.  However, the Defendant has failed, refused, and neglected to correct its records.

9.    The provision of 5 U.S.C. § 552a(g)(1) authorizes the individual to bring a civil action against the agency, and the district courts of the United States have jurisidiction to hear and decide the case.

## REQUESTS AND ISSUES

10.    The Plaintiff request the Honorable Court to order the Bureau of Prisons to remove the inaccurate information from its records of the Clayton County, 1995 Dismissed Pending Charge Show as active against the Plaintiff in this matter that the Defendants are now using to cause the Plaintiff adverse conditions and deny him (BOP) Minimum Security Facility.

11.    The Bureau of Prisons Records show where the Defendants have knowing, willfully and intentionally maintained inaccurate information in its Records of a 1995, dismissed pending charge by the Clayton County, Georgia, State Court, in order to deny the Plaintiff transferral to a minimum security (BOP) camp facility. See attachment A, Copy of Clayton County, Court Dismissal.  6-27-95

12.    The Bureau of Prisons Records Show where the Defendant acknowledges that the Plaintiff is a minimum security level inmate and Plaintiff does meet elligibility of Bureau of Prison minimum security camp, and that the Clayton County, pending charge are now dropped, as stated in their very own words in attachment marked; B,  Dated: 3-10-2006.  See also attachment marked; C, copy of BP-Form 409, Dated march 10, 2006, the Defendants once again acknowledge the Clayton County pending charge are dropped-BOP-now using as accurate information in its records as <u>a finding of guilt</u>

against BOP-Prison Program Statement Policy; P5100.08-Chapter 4,
page 8, 9, 10, 11 - Chapter 5, Page 1, 2, and chapter 6, page 7,
denotes.

14.    The Bureau of Prisons Records Show as of 4/19/06,
Atachment d, that the Defendant is denying Plaintiff BOP-Prison
camp facility by placing their personal greater security factor
against the Plaintiff just because they choose to detain the
Plaintiff confined behind the fence at the F.C.C. (low) Prison
facility, where the Plaintiff has no public safety factors against
him that would deprive him based on Defendants not using
professional judgement according to the Plaintiff's clear conduct,
program record, and work record while in Bureau of Prison
pertaining to BOP-Prison Program Statement Policy, P5100.08.

15.    Plaintiff is a prisoner, Plaintiff has fully complied
with the provisions of the Prisoner Litigation Reform Act by fully
exhausting all administrative remedies available to him.  Attached
hereto and made a part hereof are true and correct copies of the
administrative remedies filed by the Plaintiff in connection with
his request to the Bureau of Prisons to correct its central file
records pertaining to the Plaintiff as aforesaid.

16.    Venue for this suit is proper in the District of
Columbia by virtue of the provisions of 5 U.S.C. § 552a(g)(5).

**WHEREFORE,** Plaintiff prays an Order of this Court directing the
Defendant to correct its agency records pertaining to the
Plaintiff, in the following manner, to wit:  Please see Attachment
D, Clayton County, 1995 Dismissed Pending Charge Show.

Please order Bureau of Prisons to remove the following
pertaining to BOP-Prison Program Statement Policy, P5100.08:

- "management variable" in BOP Central Files.

- "public safety factor" from BOP Central Files.

- "Greater security" from BOP Central Files.

Respectfully submitted,

*Stanley Jackson*
Stanley Jackson
Reg. No.: 43178-019
Post Office Box 9000
Forrest City, Arkansas 72336-9000

Plaintiff, pro se

## CERTIFICATION OF SERVICE

I, the petitioner, Stanley Jackson, hereby herein certified that a true and correct copy of the proceeding has been served upon the Office of the Clerk, for the United States District Court, for the District of Columbia, 333 Constitution Ave, N.W., Room 5409, Washington, D.C. 20001-2866, by the delivery of the United States Postage Service, this _8th_ day of _May_ 2008.

Respectfully submitted,

*Stanley Jackson*
Stanley Jackson
F.R.N. 43178-019
F.C.C. Forrest City
Post Office Box 9000 (low)
Forrest City, Arkansas 72336-9000

# Robert E. Keller
## District Attorney

Clifford A. Sticher
**Chief Assistant District Attorney**



Randy E. Cobb
**Chief Investigator**

June 27, 1995

Roxanne Ortiz
Inmate Records
U.S. Penitentiary
P.O. Box 7500
Florence, Colorado    81226

RE:  STANLEY JACKSON
     INMATE #43178-019

Dear Ms. Ortiz:

Please lift the detainer placed against Mr. Jackson by the Clayton County District Attorney's Office.  The Clayton County charges have been dismissed.

If you have any questions concerning this matter, please do not hesitate to contact my office.

Sincerely,

Robert E. Keller
District Attorney

REK/bf

ATTCH-A

08 0930

**FILED**

**MAY 3 0 2008**

Clerk, U.S. District and
Bankruptcy Courts

FILED

March 12, 1999

Cindy Allemand
Deputy

MAR -8 1999

Cindy Allemand
Deputy CLERK OF COURT

BP-S148.055  **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Ms.Dube-Gilley Unit Manager (M-B) | DATE: October 28, 2006. |
|---|---|
| FROM: Stanley Jackson | REGISTER NO.: 43178-019 |
| WORK ASSIGNMENT: Unicor | UNIT: Mariana bravo |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)  **To be transferred to F.C.C. Camp minimum-Security Progra Statement P.S.  5100-08 Pages. 1, 5, and 12.**

**Dear Ms.Dube Gilley:**

On October 19, 2006, you alone held team classification on me, and it was at that time you certified me with a management variable to deny my request to be transferred to a **Minimum Security Camp based on my good behavior, my good work record while in the Bureau of Prison and the amount of time that I have completed on my sentence.**

You explained to me that I would have to wait another six months to be considered for lower security F.C.C. Camp, because I have not participated in any type of program. May I remind you that I never had any type of Drug, Alchohol or Smoking Problem that would make the outside community any safer.

(Continued on next Page)

**FILED**

(Do not write below this line)  08 0930 MAY 3 0 2008

*ATTCH.-B.*

DISPOSITION:

Clerk, U.S. District and Bankruptcy Courts

You were teamed on October 19 with the Unit Counselor. You were referral for Camp placement based on your lack of programming. You were directed to increase your participation in programming related to education, recreation, religious services or psychology services. To date you have not been involved in programming. You are scoring as an 11 point minimum. As for the violence associated with your current offense, the charges are now dropped and you do meet the current offense, the charges are now dropped eligibility for a minimum security referral Keep in mind, a referral is *not* an approval and this behavior as identified in the PSI may still be considered in determining to place you or *not* place you at a minimum security facility.

Signature Staff Member                                Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)        This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

*Jim Rdde Gilley, Ym*        10/31/06

EMS-409.051 REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE CDFRM
DEC 99
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| From: Linda Sanders, Warden | Facility: FCC Forrest City-Medium | Date: March 10, 2006 |
|---|---|---|
| Inmate's Name: JACKSON, Stanley B | | Register No. 43178-019 |
| To: Rebecca Tamez, DSCC Administrator | | DSCC Designator |

 X  Transfer to: FCC Forrest City-Low/Code 308

 X  Apply Management Variable(s) Greater Security/Code V

___  Update Management Variable Expiration Date.  (New Date): _____

1.  Inmate's Medical Status

    Jackson is assigned regular duty status with no medical restrictions.  He has not been
    cleared for work in Food Service.

2.  Institution Adjustment (Include a brief description of the inmate's adjustment during this
    period of incarceration with emphasis on recent adjustment.)

    Jackson has maintained clear conduct for the past 89 months.  He maintains a good rapport
    with staff and inmates.  Jackson is assigned to UNICOR.

DISCIPLINARY RECORD

| 3.  Date | Code/Offense | UDC/DHO Disposition |
|---|---|---|
| 10-01-1998 | 306/Refusing Work/Program Assignment | 15 days DS, suspended 180 days |

4.  Rationale for Referral.  (For Mariel Cuban Detainees, include availability of community
    resources and status of INS review process in this section.)

    Jackson is a Minimum security, In custody inmate.  He is serving a 121-month sentence for
    Felon in Possession of a Firearm.  He has three years supervision after his release.  His
    projected release date is November 19, 2013, via Good Conduct Time Release.  He was sentenced
    in the Northern District of Georgia, and his release residence is listed as
    Forest Park, Georgia.  Jackson's Custody Classification Form was recently updated, which
    resulted in a decrease to Minimum Security.  The Unit Team does not feel Jackson is
    appropriate for transfer to a Minimum Security institution at this time.  Therefore we are
    requesting the application of a Greater Security Management Variable and a redesignation to
    FCC Forrest City-Low.  There are no CIM concerns.

5a.  Parole Hearing Scheduled:____  Yes  ✓ No  | b.  If yes, when  N/A

6.  Note any past or present behavior and/or management/inmate concerns.

    The BP-337 scores for a Greatest severity detainer, whereas the BP-338 scores none.  The
    change was made after the charges for which the detainer was being scored were dismissed.
    The BP-337 scores the severity as Greatest, whereas the BP-338 scores it as Moderate.  The
    change was made after researching the Central File and revealing that the current charge was
    being scored on the "offense conduct."  The conduct which they discuss, charges were later
    dismissed.

Staff have checked the following SENTRY Programs to ensure that they are correct and current:

Inmate Profile                       CIM Clearance and Separatee Data
Inmate Load Data                     Custody Classification Form
Sentence Computation                 Chronological Disciplinary Record

| Prepared by: L. A. Kaye, Case Manager | Unit Manager Signature: Howard C. Barron, Jr |

Attch.-C.

08 0930
**FILED**

MAY 3 0 2008

**Clerk, U.S. District and
Bankruptcy Courts**

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) **Ms. S. De La Rosa (Case Manager M-D)** | DATE: *April 19, 2006* |
|---|---|
| FROM: **Stanley Jackson** | REGISTER NO.: **43178-019** |
| WORK ASSIGNMENT: **Unassigned** | UNIT: **Mariana-Delta   M-D** |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Dear Ms. De La Rosa,        RE: F.C.C. Prison Camp - False Victim - 18 U.S.C. § 3559,

On Wednesday, April 12, 2006, I met with you in you office - is also, when you explained to me that Iam still being classified as **MEDIUM** Custody although Iam here at F.C.C (Low) Forrest City. accordingly to my record in your file. Please respond to this request in writing to let me know as to whether or not my record in your files show that I have a Public Safety Factor on me in this matter is based on my 1972 prior conviction by a Harris County, Texas, State Court Judge, Where I have already served a 14 years Sentence Since 1982, Where the record show there was no Physical Contact on any Victim in that matter that would warrant any Public Safety Factor 30-years later today by the Federal government- Possessed a Firearm **None Victim** - **None Drug Relaed** - 18 U.S.C. § 922 (g)(1) Where Page 5 and 6 of Federal government Pre-Sentence Investigation Report in your Files....

To continue.............................
(Do not write below this line)

DISPOSITION:

Sorry- I think we miscommunicated :)
You are currently classified (as of 3-21-06) as a minimun security level inmate. You dont have any Public safety factors. Since you are being held inside the fence, there is a MGTV or Greater Security which managmently scores you as a low security level inmate. I have attached a copy of your custody classification form for your review. Thanks- and sorry if there was confusion!

| Signature Staff Member  S DelaRosa | Date  4/19/06 | 08 0930 |
|---|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**FILED**

MAY 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

BF-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
| MR. HOWARD C. BARRON, JR. | December, 2nd, 2007 |

| FROM: | REGISTER NO.: |
| STANLEY JACKSON | 43178-019 |

| WORK ASSIGNMENT: | UNIT: |
| UNICOR | M/B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Dear Mr. Barron, as of December 2nd, 2007, I spoke with you, I am Requesting a Reccomendation from you endoreing a Transfere to a Camp Custody, I am asking you because You know my history here at F.C.C. Forest City, You were my unit manager at the Medium. I have maintained Clear Conduct at F.C.C. Low, and no new Form 409 has been Submitted to Keep me from becoming Medium Camp Custady. I Thank you for your Support in This matter. I Submitted PER your advisment.

Respectfully
Stanley Jackson

08 0930
**FILED**
MAY 30 2008
Clerk, U.S. District and Bankruptcy Courts

(Do not write below this line)

DISPOSITION:

You were submitted reesignated to the Low facility and applied with the Greater security Management Variable based on your being reduced to minimum security from medium security. Although you scored as minimum, the Unit Team does not request transfer to a Minimum facility. As your Unit Team (Low) will have to review your adjustment at the Low to determine if you are eligible to receive consideration to transfer to A minimum facility.

Signature Staff Member        Date
12/2/07

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)        This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

I do no th I do not recall anything in your file that would prevent you from receiving minimum placement; however, Again it is your current Unit Team who must review you

```
  FORF7  606.00 *      MALE CUSTODY CLASSIFICATION FORM      *     05-11-2007
  PAGE 001 OF 001                                                  09:05:10
                            (A) IDENTIFYING DATA
  REG NO..: 43178-019           FORM DATE: 04-19-2007           ORG: FOR
  NAME....: JACKSON, STANLEY B
                                      MGTV: GRTR SECU
  PUB SFTY: NONE                      MVED: N/A
                            (B) BASE SCORING
  DETAINER: (0) NONE            SEVERITY.......: (3) MODERATE
  MOS REL.: 79                  CRIM HIST SCORE: (06) 7 POINTS
  ESCAPES.: (0) NONE            VIOLENCE.......: (2) > 15 YRS SERIOUS
  VOL SURR: (0) N/A             AGE CATEGORY...: (0) 55 AND OVER
  EDUC LEV: (2) NO VERFD HS/ NO GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                            (C) CUSTODY SCORING
  TIME SERVED.....: (4) 26-75%  PROG PARTICIPAT: (1) AVERAGE
  LIVING SKILLS...: (2) GOOD    TYPE DISCIP RPT: (5) NONE
  FREQ DISCIP RPT.: (3) NONE    FAMILY/COMMUN..: (4) GOOD

                    --- LEVEL AND CUSTODY SUMMARY ---
  BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
  +13  +19    -3        +10      MINIMUM    LOW               IN     DECREASE

  G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

ATTch.-F.

08 0930

**FILED**

MAY 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

**FEDERAL CORRECTIONAL INSTITUTION, FORREST CITY, ARKANSAS**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**
**(454339-F1)**

JACKSON, Stanley B.
Reg. No. 43178-019

This is in response to your Request for Administrative Remedy dated May 21, 2007, in which you request your Greater Security Management Variable be removed and be granted Out custody and placed at a Camp.

An investigation in this matter revealed your unit team, based on policy and sound correctional management, requested the application of the Greater Security Management Variable in your case due to your criminal history. Specifically, investigation of your current offense, Felon in Possession of a Firearm, was initiated as the result of an incident in which your ex-girlfriend and her three children were badly burned. Although you received no conviction for this behavior, it is clearly indicated in your PSI and Judgement and Commitment Order, the court believed this behavior was an integral part of your criminal history. There is no requirement for a <u>finding of guilt</u> related to the application of a Greater Security Management Variable in accordance with Program Statement 5100.08, *Inmate Security Designation and Custody Classification.*

For the above reasons, your request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, South Central Regional Office, 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

_____          6-29-07
T. C. Outlaw, Warden              Date

**FEDERAL CORRECTIONAL INSTITUTION, FORREST CITY, ARKANSAS
INMATE REQUEST TO STAFF**

**JACKSON, Stanley B.
Reg. No. 43178-019**

This is in response to your Inmate Request to Staff, dated June
11, 2007, in which you request your Greater Security Management
Variable be removed and be granted Out custody and placed at a
Camp.

In regards to your request, you present no new information
related to your classification.  Please refer to your BP-9,
Response to Request for Administrative Remedy #454339-F1.

Thank-you.

Harold D. Taylor, AW (P)

*ATch. # 2.*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Jackson    Stanley | 43178-019 | M/A | Forrest City-Low |
|-------|--------------------|-----------|-----|------------------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**  I'm dissatisfied with the Regional response to my BP 10. Therefore, I am appealing the Regional denial of my BP 10 insofar as to the Bureau of Prison Team Classification thereby refusing to remove a personal Management Verable. In according to my Security/Designation of May 11, 2007. The CCM RMKS was stated that I had a pending charge for AG assault and battery. In the report the CMC are considering the assault as part of my instant offense. However, the Management Verable should be remove for two reasons: One, I do not have any pending charges, and Two, the alleged assault had nothing to do with the instant offense.

BOP policy statement states: Management Verable should be added only if the information that are contain in the PSR is a finding of guilt. A report was written either from a police report or from another document stating that I assaulted an individual, however I was not convicted of any acts such as an assault, therefore no Management Veriable should be instituted. However, my classification form of January 14, 2006 show Management Verialbe [NONE]. IN according to BOP policy statement a Management Veriable could only be placed against me at least 3 times for a period of 18 months. In my case the Management Veriable have exceeded the placement requirement. See continued attachment.

| Sept. 6, 2007 | Stanley Jackson |
|---------------|------------------|
| DATE | SIGNATURE OF REQUESTER |

*ATCh.# 3. A.*

**Part B—RESPONSE**

| DATE | GENERAL COUNSEL |
|------|------------------|

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

| Return to: | | | | |
|------------|--|--|--|--|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|------|--------------------------------------------------|

USP LVN

BP-231(13)
APRIL 1982

*"Central office administrative Remedy appeal "*

## CONTINUED ATTACHMENT

BOP policy statement further states: that a Management Variable could maintain on an individual,.i.e., if that individual have a detainer pending against him, and in this case, there are no detainer pending against me, therefore, the Management Variable should be remove.

The last Management Variable was place against was not by the Designator in a 409 form, but requested by my Unit team.

Therefore, I'm requesting that the Management Variable be remove or waive.

My Management Variable should be waive and I should be consider camp status, and if I'm consider camp status, I would greatly appreciate if I would be consider for Memphis because I now have a new address, a good job that is awaiting me at **ALL CONTRACTING BUILDING, 4840 Coro Road, Memphis, TN 38109**, if you wish to verify this information; you may contact the above company at (901) 258-8414. See attached copy of their letter to me signed by owner Ken Hunt, in support.

Also see attachments: Male Custody Classification Form, dated January 14, 2006, and a copy of the District Attorney Robert E. Keller of Clayton County stating any and all charges have been dismissed. Filed June 27, 1995.

Date: Sept. 6, 2007.

Stanley Jackson
/S/ Stanley Jackson

ATch. #3. B

JACKSON, Stanley          Reg. No. 43178-019     RECEIPTED: 07-23-07

454339-R1                 PART B-RESPONSE

You are appealing the Warden's response to your request to have your Greater Security Management Variable removed.  Specifically, you are requesting the Management Variable be removed so you can be transferred to a minimum security facility.

We have thoroughly reviewed your appeal.  Program Statement 5100.08, <u>Security Designation and Custody Classification</u>, states the intent of the security and custody classification system is to allow staff to use professional judgement within specific guidelines to determine the most appropriate institution assignment for an inmate.  The system allows staff to ensure all characteristics of an inmate's case are considered in decisions regarding security and custody classification.  Management Variables provide a means for staff to document the basis for assigning an inmate to an institution which is not consistent with the security level on the Custody Classification form.

We have assessed all relevant factors in your case and find the Warden appropriately addressed your concerns.  The Presentence Investigation Report prepared in your case indicates your instant offense initiated during an incident in which your ex-girlfriend and three of her children were badly burned.  Based on a review of your overall offense behavior, the Greater Security Management Variable is warranted.  Therefore, you are appropriately housed at a low security institution.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, N.W., Washington, D.C. 20534.  Your appeal must be received in that office within 30 days from the date of this response.

_____8/15/07_____                    _____
Date                                 G. Maldonado, Jr.
                                     Regional Director

**SENSITIVE BUT UNCLASSIFIED**

## MANAGEMENT VARIABLES AND PUBLIC SAFETY FACTORS

### MANAGEMENT VARIABLES

A Management Variable is required when placement has been made and/or maintained at an institution level inconsistent with the inmate's scored security level.  Application of a Management Variable requires review and approval by the DSCC Administrator. When completing the BP-338, institution staff may only enter a Management Variable which the DSCC previously approved and entered as a management reason.  Otherwise, the DSCC is the only office authorized to enter a variable.  A maximum of three Management Variables may be entered for each case.

**NOTE:**      SENTRY will not permit the simultaneous application of the Greater Security and Lesser Security MGTVs.

When a Management Variable no longer applies, institution staff will remove the variable(s) accordingly.  When no Management Variable is required, institution staff will insert the letter "A" (NONE) in the space to signify that no MGTV(s) apply. Management Variables entered at initial designation are manually transferred to the BP-338, Custody Classification form.

**Request for Management Variable/Management Variable expiration date.**  All requests to apply a Management Variable (MGTV) or to update the Management Variable Expiration Date (MVED) must be submitted to the DSCC via GroupWise using the 409 form.  Requests for Management Variables on WITSEC inmates are to be forwarded to the Inmate Monitoring Section, Central Office, Washington, DC. The following criteria will be utilized:

  Only the DSCC or Central Office staff can apply a MGTV and update a MVED, with the exception of "I" (Med/Psych), which will be applied and reviewed by the Central Office Medical Designator and "U" (Long-Term Detainee), which will be applied by the Detention Services Branch, Correctional Programs Division, Central Office.

  When requesting a MGTV or an updated MVED, only sections four and six need to be completed on the form 409.  This request should normally be made to the DSCC within 21 calendar days following the inmate's scheduled custody review to ensure the DSCC is receiving a current Custody Classification Form, BP-338. After approval by the Warden, the request may be routed from the unit or shared folders, and unit staff must enter a DST assignment using the Update Transaction.  Staff will enter W MGTV

as a DST assignment when the request is routed. DSCC staff will remove the assignment when the decision is made.

When requesting an updated MVED, staff are to indicate the recommended expiration date on the top portion of form 409.

When a case with the MGTV of "I" (Med/Psych) is scheduled for review and it is anticipated that this MGTV is no longer applicable, institution staff will complete all sections of form 409 and forward the request to the Central Office Medical Designator and the DSCC. The Central Office Medical Designator will review the case for continuation or deletion of this MGTV. If this MGTV is no longer appropriate, the Central Office Medical Designator will remove the MGTV. After the Central Office Medical Designator removes the MGTV "I," the DSCC will review the case for transfer. If a transfer is not appropriate, another MGTV is to be applied.

Expiration dates will be assigned in accordance with Table 5-1. The DSCC Administrator must evaluate the information on the form 409 to determine the appropriate expiration date for all applicable Management Variables. At the established expiration date, case management staff will review the current Management Variable(s) to determine appropriateness. In the rare instance when more than one MGTV is applied, all expiration dates will be displayed on the BP-338. When running a SENTRY roster, each MGTV and corresponding MVED will be displayed.

**Management Security Level (MSL).** Upon application of any of the following Management Variables: PSF Waived; Greater Security; Lesser Security, the DSCC is to apply an overriding Management Security Level (MSL) to reflect the inmate's assessed security needs. This MSL takes precedence over the security level reflected in SENTRY which is based upon the scored security level and the application of Public Safety Factors. Designation must be made to a DFCL commensurate with the inmate's security needs as reflected in the Management Security Level. **If there is an extenuating circumstance in which an inmate's designation facility is inconsistent with his or her MSL, at least one additional non-MSL MGTV must be added to support and explain the inconsistency.**

P5100.08
9/12/2006
Chapter 6, Page 7

**EXCEPTION:**     Any institution disciplinary hearing (UDC or DHO)
finding that a prohibited act was committed during
the current term of confinement will be scored as
a history item.

State disciplinary findings are scored unless there is
documentation that the state disciplinary proceedings did not
afford due process protection to the inmate.

Severity of violence is determined by the offense behavior
regardless of the conviction/finding of guilt offense.  History
of Violence points combine both seriousness and recency of prior
violent incidents to assess the propensity for violent behavior,
where more points mean greater risk.  Therefore, if there is more
than one incident of violence, score the combination of
seriousness and recency that yields the highest point score.
Prior periods of incarceration will be considered a "history"
item if the inmate was physically released from custody and then
returned to serve either a violation or a new sentence.  In
determining time frames, use the date of the documented behavior.
Documented information from juvenile or YCA adjudication can be
used unless the record has been expunged or vacated.

Minor History of Violence - Aggressive or intimidating behavior
which is not likely to cause serious bodily harm or death (e.g.,
simple assault, fights, domestic disputes, etc.) There must be a
finding of guilt.

Serious History of Violence - Aggressive or intimidating
behavior which is likely to cause serious bodily harm or death
(e.g., aggravated assault, domestic violence, intimidation
involving a weapon, incidents involving arson or explosives,
rape, etc.).  There must be a finding of guilt.

**Example:**  If an offender was found guilty of homicide 20 years
ago and a simple assault 3 years ago, assign 5 points for the
simple assault.  Or in another case, the offender had guilty
findings for homicide 12 years ago; aggravated assault 8 years
ago; and fighting 2 years ago, score 6 points for the aggravated
assault 8 years ago.

**NOTE:**     Attempted suicide, self-mutilation and possession of
weapons are not applicable behaviors for History of
Violence scoring.  In addition, verbal threats (such as
Code 203- Threatening Bodily Harm) are to be viewed as
minor violence.

PRIVA   REQUEST FOR CORRECTIO

For BP-15
etc.

Bureau of Prisons
General Counsel
Attn: FOI/PA Section
320 First St. N.W.
Room 401 - NALC Bldg.
Washington, DC 20534

Inmate Name:
Register No:
PO Box 1000
Federal Correctional Institution

Atch.# 10.

Date: 12/21st/1995.

(See attached additional
information of This complaint.)

Dear Sir:

Note to inmate: If the B.O.P. does not comply with the requirements of 5 USC: 552a(d)(2)(B) thru 5 USC: 552a(d)(4)
you may attach this form to complaint & summons forms obtained from the Clerk, U.S. District Court for the District
of Columbia and file same in that Court by mail. Your cause of action is that you "requested relief from the B.O.P.
as set forth on the attached copy of the request. The Bureau: (A) did nothing in the required time; or (B) denied
my request". Your relief is: (A) de novo review by Court, (B) correction of record, and/or (C) $___ money damages.

1) I am a federal Inmate incarcerated in the Federal Correctional Institution
at

2) Pursuant to the principles of Sellers v. Bureau of Prisons, 952 F2d 1423
(D.C. Cir.), modified, 959 F2d 307 (1992), I request that the following inform-
ation be expunged from my prison file at FCI               & any other Bureau of
Prisons record and/or system of records, because the information is false:_____
_____
_____

3) The evidence upon which I rely to establish that the foregoing information
is false, includes the originals of any photocopies attached to this request. I
have personal knowledge of the originals of the photocopies and state that the
photocopies do truly and accurately represent said originals. I also rely on the
following facts to demonstrate that the information is false:_____
_____
_____
_____

4) The following determination[s], adverse to myself and based on the false infor-
mation, have been made by Bureau of Prisons personnel:_____
_____
_____

5) I did receive the following civil injury and damage from the foregoing "adverse"
determinations:_____
_____
_____

6) Pursuant to 5 USC§ 552a(d)(2)(A), this Agency has 10 days to acknowledge receipt
of this request. This Agency must then grant my relief within the time limits and
through the procedures of 5 USC§ 552a(d)(2)(B) - 5 USC§ 552a(d)(4), or I can file a
civil complaint in Federal Court. The civil complaint will have jurisdiction under
5 USC§ 552a(g)(1) and will entitle me to $1,000 or more monetary damages as well as
injunctive relief as is set forth in 5 USC§ 552a(a)(2), (3), (4), (5). (See: Sellers)

cc: Case Manager

X. Dawson, Case Manager

Form 78

I have read the foregoing and state
that it is true and correct. Signed
under penalty of perjury this 21st
day of December          , 1995.

Stanley Jackson. 43178-019
Inmate Name:

**Administrative Remedy No. 454339-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
in which you appeal the Greater Security Management Variable
applied to your Custody Classification Form.  You contend the
management variable should be removed because you do not have any
pending charges and the alleged assault and battery charge has
nothing to do with your instant offense.  You request waiver of
the Greater Security Management Variable and consideration for
camp status, specifically, FCI Memphis.

Program Statement 5100.08, <u>Security Designation and Custody
Classification Manual</u>, establishes the process of determining the
appropriate classification and designation of an inmate with the
intent to allow staff to exercise their professional judgement
within specific guidelines.  Several factors are considered when
determining an inmate's appropriateness for transfer including
the inmate's security needs, past behavior, current offense,
institution adjustment, and release destination.  P.S. 5100.08
states that in circumstances where an inmate represents a greater
security risk than their assigned security level, they may be
placed in an institution outside normal guidelines, and the
Greater Security Management Variable shall apply.

Staff reviewed your suitability for camp placement and determined
you required greater security than what is afforded at a Minimum
security facility.  This decision was based on your instant
offense which resulted from an incident in which your ex-
girlfriend and children were badly burned.  There is no evidence
to indicate pending charges nor an alleged assault and battery
charge was considered in applying the management variable.  The
Management Variable of Greater Security justifies housing you in
an institution inconsistent with your security level.  You are a
Low security inmate with In custody and appropriately designated
to FCC Forrest City-Low.  Staff will continue to review your
custody classification at regularly scheduled program reviews.
We find the actions of staff appropriate and in compliance with
policy.

Your appeal is denied.

_November 16, 2007_
       Date

Harrell Watts, Administrator
National Inmate Appeals

*ATch.#6.*

**I (a) PLAINTIFFS**

*Stanley Jackson*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

*Pro Se PR*

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
# 43178-017

**DEFENDANTS**

*BoP*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00930
Assigned To : Unassigned
Assign. Date : 5/30/2008
Description: Pro Se General Civil

*CASE PRE-ASSIGNED TO: ROBERT RWR*
*JUL 21 2008*

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

⊙ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ⊙ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
⊙ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

**No Summons Issued**

| □ G. *Habeas Corpus/* 2255 | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

■ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

6 USC 552 PA

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** □ YES   ■ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES   □ NO   If yes, please complete related case form.

DATE 5.30.08   SIGNATURE OF ATTORNEY OF RECORD   JCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd