UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STANLEY JACKSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-930 (RWR) |
| BUREAU OF PRISONS, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Stanley Jackson, a prisoner proceeding *pro se* and *in forma pauperis,* sues the Federal Bureau of Prisons ("BOP") under the Privacy Act, 5 U.S.C. § 552a, seeking an order requiring the BOP "to correct its agency records pertaining to the Plaintiff" that are located in the "BOP Central Files." Compl. at 4-5. Specifically, Jackson wants the "management variable," the "public safety factor" and the "greater security" information in his record amended. *Id.* at 5. The BOP has filed a motion to dismiss, asserting that the complaint fails to state a claim upon which relief may be granted because the records at issue are maintained in the BOP's Central Inmate Record System and are exempt from the amendment provisions of the Privacy Act. *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, at 6-7.

In determining whether a complaint fails to state a claim upon which relief may be granted, a court generally "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged," but need not accept either a plaintiff's legal conclusions, or inferences drawn by the plaintiff if those inferences are unsupported by facts

alleged in the complaint.  *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  To survive a motion to dismiss, a complaint must make clear the grounds of the plaintiff's entitlement to relief.  *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)*; Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007).

The BOP has, in accordance with the law, *see* 5 U.S.C. § 552a(j)(2), exempted its Inmate Central Records System from certain provisions of the Privacy Act, including the provision that requires it to maintain accurate records or to amend inaccurate records, and from suits arising from inaccurate records.  *See* 28 C.F.R. § 16.97(a)(4) (exempting the Inmate Central Records System); *see also Martinez v. BOP,* 444 F.3d 620 (D.C. Cir. 2006) (affirming that the Inmate Central Records System is exempt from the Privacy Act provisions).  Furthermore, to the extent that the *pro se* plaintiff intended to seek correction of information in his presentence report (a matter not expressly raised until plaintiff filed his opposition to the defendant's motion to dismiss, *see* Pl.'s Opp'n at 2), because the presentence report is also part of the Inmate Central Records System, it is equally unreachable under the Privacy Act.  Because all the records at issue are exempt from the part of the law the plaintiff asks this court to enforce, the court cannot provide the relief requested.  Accordingly, the plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted.

A separate, final order accompanies this memorandum opinion.

Dated:  September 24, 2009

/s/
RICHARD W. ROBERTS
United States District Judge